E-FILED
Monday, 01 October, 2007  12:06:25 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY L. FLETCHER,
      Plaintiff,

      vs.                                   07-1228
                                                07-1231
                                              07-1245

UNITED STATES MARSHAL DEATHRIDGE, et al.,[1]
      Defendants.

**<u>Order</u>**

      The plaintiff, a jail inmate, has filed three new lawsuits in one month claiming that his constitutional rights have been violated at the Tazewell County Jail. *See Fletcher v. Huston,* Case No. 07-1228; *Fletcher v. Deathridge,* Case No. 07-1231 and *Fletcher v. Deathridge,* Case No. 07-1245. The plaintiff has also filed a motion to proceed *in forma pauperis* in each case.

      The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaints, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The court also notes that the plaintiff has previously accumulated three strikes[2] pursuant to Title 28, United States Code, Section 1915, which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

---

    [1]Defendant Deathridge is the lead defendant in two of the plaintiff's lawsuits. (Case No. 07-1231 and Case No. 07-1245).

    [2]*See Fletcher v Epperson,* Case No. 03-2020; *Fletcher v. Bankston,* Case No. 07-1051 in the Central District of Illinois and *Fletcher v Urban,* Case No. 96-2442 in the Northern District of Illinois.

The "imminent danger"exception is reserved for "for genuine emergencies," where "time is pressing" and "a threat is real and proximate." *Heimermann v. Litxcher*, 337 F.3d 781 (7th Cir. 2003). *See also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)(the potential consequence is "serious physical injury").

The plaintiff does not make clear reference to his three strikes status in his motions to proceed *in forma pauperis* or the body of his complaints.   The plaintiff also does not make reference to all his former lawsuits when asked to list his litigation history on each standard complaint form.  However, the plaintiff has indicated that he is bringing each lawsuit pursuant to 42 U.S.C.§1983 or 28 U.S.C.§1331 and the exception to the three strikes rule in 28 U.S.C. § 1915(g).

The plaintiff's complaint in *Fletcher v. Huston,* Case No. 07-1228 and his complaint in *Fletcher v. Deathridge,* Case No.  07-1231 are nearly identical.  There are only two differences:1) the plaintiff lists Tazewell County Jail employees as defendants in Case No. 07-1228 and lists the United States Marshall and two employees as defendants in Case No. 07-1231; and 2) the plaintiff has added one additional count in Case No. 07-1231 stating that he informed the U.S. Marshal's about his problems and they took no action to have him transferred. Otherwise, the plaintiff has simply copied the same ten allegations in each complaint.  No other changes have been made.

The court finds the two lawsuits to be repetitive.   The court would ordinarily dismiss the second lawsuit filed.  However, since the second lawsuit has one additional count, was filed within a week of the first lawsuit and there are no statute of limitations issues, the court will dismiss the first lawsuit filed, *Fletcher v. Huston,* Case No. 07-1228.  The clerk will be instructed to add the defendants named in this lawsuit to *Fletcher v. Deathridge,* Case No. 07-1231.

Some of the allegations in *Fletcher v. Deathridge,* Case No. 07-1231, clearly do not meet the imminent danger exception.  For instance, the plaintiff alleges that an officer made derogatory comments about him.  The plaintiff also says he was exposed to the hazards of chewing and spitting tobacco in the jail.  The plaintiff claims the defendants failed to check his blood pressure and an officer gave him an inhaler that was not prescribed for him.  The plaintiff does not allege any injury or ongoing health problem as a result of these allegations.  Not only do these allegations fail to demonstrate that the plaintiff was in imminent danger, but also the plaintiff has failed to state a claim upon which relief can be granted.

The plaintiff further claims the defendants repeatedly use pepper spray against him for no reason.  The court notes that this claim is belied by the plaintiff's attachments to his complaint in *Fletcher v. Deathridge,* Case No. 07-1245.   Tazewell County Jail employees have cited the plaintiff for numerous rule violations including disobeying direct orders, trying to create a disturbance, making threats to officers, possessing contraband and a wide variety of other violations.  The plaintiff was repeatedly found guilty of these offenses and has not alleged that

these findings have been overturned.  Therefore, his claims concerning the use of pepper spray are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997).

 The plaintiff does have one allegation that could meet the imminent danger exception and merit review standard.  The plaintiff states that severe heat in a transport van and the use of pepper spray have sparked several severe asthma attacks and he has been denied medical treatment for his condition.  Again, the attachments to the plaintiff's complaint are not very supportive of his own claims.[3]

First, the plaintiff has attached a Detainee Request Form which states that the plaintiff was seen by a nurse on June 13, 2007.  The nurse evaluated his respiratory system and determined that an inhaler was not needed.  Second, a June 15, 2007 disciplinary report indicates that when jail staff contacted the doctor concerning the plaintiff's claims, the doctor stated  that the plaintiff had refused to cooperate with medical staff on several occasions.  Finally,  a disciplinary report dated June 22, 2007 says the plaintiff was escorted to see the doctor for his complaints about asthma.  The plaintiff stated he had several asthma attacks and was refused care.  However, when he was asked for any details about his claims, he was unable to state when he had the alleged attacks.  It is not clear, but the plaintiff may have received a disciplinary ticket for providing false information.

The court cannot say that the attachments wholly contradict the plaintiff's allegations.  It is possible the plaintiff might still be able to make an argument that the defendants were deliberately indifferent to his serious health condition.  Therefore, the court will find that this allegation meets the imminent danger exception and that the plaintiff has adequately alleged a violation of his Eighth Amendment rights for notice pleading standards.  The plaintiff has failed to state any official capacity claims, but the court will allow the plaintiff to proceed against all named defendants at this stage of the proceedings.

The court notes that the plaintiff states no clear reason why he has named the United States Marshal and two of his deputies as defendants.   "(A) defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to arise under 42 U.S.C. §1983." *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981). The plaintiff says he has filed grievances and made motions in court, but he has failed to state how these defendants have any control over the operations at the Tazewell County Jail.  Its not even clear how these defendants would have any knowledge of grievances filed at the jail or motions made in court.

---

[3]*See R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir.1989)(the court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim.")

Nonetheless, the court assumes the U.S. Marshal's Office placed the plaintiff in the Tazewell County Jail as a pretrial detainee. It is conceivable that the plaintiff could at some point show some level of culpability. According, the court will not dismiss these defendants at the merit review stage of the proceedings.

The plaintiff's final lawsuit, *Fletcher v. Deathridge,* Case No. 07-1245, also names the U. S. Marshal and two deputies as defendants. However, the plaintiff's allegations again involve the operations of the Tazewell County Jail. The plaintiff's main complaint is that the defendants have violated his due process rights because he claims they do not have any investigatory hearings for disciplinary tickets.

First, the plaintiff has failed to demonstrate that he is in imminent danger. Second, it is doubtful the plaintiff could state a claim upon which relief can be granted. The plaintiff has not claimed that any of the numerous disciplinary findings against him have been overturned. *See Heck,* 512 U.S. at 487. The court notes that the plaintiff has attached several disciplinary reports to his complaint. Each indicates that a hearing was held and the plaintiff either refused to cooperate and was disruptive during the hearing or the plaintiff refused to go to the hearing. The court will dismiss this case for failure to pay the filing fee.

CONCLUSION

This plaintiff has accumulated three strikes pursuant to 28 U.S.C. § 1915(g) and may not file a lawsuit unless he pays the filing fee in full or demonstrates that he is in imminent danger of serious physical injury.

The plaintiff has filed two repetitive lawsuits in *Fletcher v. Huston,* Case No. 07-1228 and *Fletcher v. Deathridge,* Case No. 07-1231. The court will therefore dismiss *Fletcher v. Huston,* Case No. 07-1228, but instruct the court to add all defendants to *Fletcher v. Deathridge,* Case No. 07-1231. The court finds that the plaintiff has stated one valid claim that meets the imminent danger exception: the defendants were deliberately indifferent to his serious medical condition when he repeatedly had asthma attacks and did not receive treatment for his condition.

The plaintiff's final lawsuit, *Fletcher v. Deathridge,* 07-1245, does not meet the imminent danger exception. The plaintiff has failed to pay the filing fee and the lawsuit is dismissed.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motions to proceed in forma pauperis in Case No. 07-1228 [d/e 1] and Case No. 07-1245 [d/e** 2] **are denied. The plaintiff has accumulated three strikes and has not demonstrated that he is in imminent danger. The plaintiff has also filed repetitive complaints.**

**2) The clerk of the court is to add this plaintiff to the three strikes list in the**

4

Central District of Illinois.

3) The clerk of the court is directed to dismiss *Fletcher v. Deathridge,* Case No, 07-1245, for failure to pay the filing fee.

4) The clerk of the court is directed to dismiss  *Fletcher v. Huston*, Case No. 07-1228, as repetitive.

5) The clerk of the court is directed to add Defendants Robert Huston, Earl Helm, Jozef Szadkowski, Richard Brock, Garfield Saylor, Richard Johnson, Paul Malavolti, Dr. Stephen Cullinan and Nurse Renae to *Fletcher v. Deathridge,* Case No., 07-1231.

6) The plaintiff's motion to proceed in forma pauperis in *Fletcher v. Deathridge,* Case No., 07-1231 is granted. [d/e 2].

7) Pursuant to its merit review of the complaint in *Fletcher v. Deathridge,* Case No., 07-1231, the court finds that the plaintiff states the following federal claim: the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition.  The claim is against the defendants in their individual capacities only.

8)  All other claims in *Fletcher v. Deathridge,* Case No., 07-1231, that are based on federal law, other than those set forth in paragraph (7) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.

9)  *Fletcher v. Deathridge,* Case No., 07-1231, shall proceed solely on the federal claim identified in paragraph (7) above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

10) The plaintiff must still pay the full docketing fee of $350.00 in *Fletcher v. Deathridge,* Case No, 07-1245 even though his case has been dismissed.  The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.   The court will not charge the fee in case *Fletcher v. Huston*, Case No. 07-1228, which was dismissed as repetitive and all defendants added to the surviving case.

**11) A Prisoner Scheduling Order shall be entered in *Fletcher v. Deathridge*, Case No., 07-1231 directing service and setting a Rule 16 conference date.   A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**12)  The defendants in *Fletcher v. Deathridge*, Case No., 07-1231  shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**13) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**14) The clerk of the court is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

**15) The clerk of the court is directed to file this Case Management Order in all three of the plaintiff's cases:  *Fletcher v. Huston,* Case No. 07-1228; *Fletcher v. Deathridge,* Case No. 07-1231 and *Fletcher v. Deathridge,* Case No. 07-1245.**

Entered this   1st   Day of October, 2007.


                                **s\Harold A. Baker**
                    _____
                              HAROLD A. BAKER
                         UNITED STATES DISTRICT JUDGE

6